**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-1470**

———————————

CATALINA B. VASQUEZ ESCOBAR; F.P.G.V.,

                    Petitioners,

         v.

PAMELA JO BONDI, Attorney General,

                    Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted:  February 26, 2026                    Decided:  March 2, 2026

———————————

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Petition denied by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Donald L. Schlemmer, Washington, D.C., Alireza Ghazi-Zahedi, Williamsburg, Virginia, for Petitioners.  Brett A. Shumate, Assistant Attorney General, Shelley R. Goad, Assistant Director, Monica G. Antoun, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Catalina B. Vasquez Escobar and her minor son, natives and citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's decision denying Vasquez Escobar's applications[1] for asylum and withholding of removal.[2] We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments raised on appeal in conjunction with the record and the relevant authorities. We conclude that the record evidence does not compel a ruling contrary to any of the operative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's pivotal rulings, affirmed by the Board, that Vasquez Escobar (a) did not assert any claim of past persecution; and (b) advanced a fear of future persecution that hinged exclusively on generalized conditions of gang violence and unrest prevalent in Guatemala, which "are insufficient to establish persecution on account of a protected ground," *Tepas v. Garland*, 73 F.4th 208, 218 (4th Cir. 2023) (citation modified).

---

[1] Vasquez Escobar's minor son was a rider on her asylum application, *see* 8 U.S.C. § 1158(b)(3), and is identified as a petitioner in this court by his initials.

[2] Vasquez Escobar has forfeited review of the immigration judge's denial of relief under the Convention Against Torture, which was not challenged in the administrative appeal, by not raising that issue in the brief submitted to this court. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

2

Accordingly, we deny the petition for review. *See In re Vasquez Escobar* (B.I.A. Apr. 4, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*
